DOUGLAS M. LIPSTONE, Esq. (SBN 141104)
doug@wgfcounsel.com
WEINBERG GONSER FROST, LLP
10866 Wilshire Blvd., Suite 1650
Los Angeles, CA 90024
Direct: (424) 239-2862
Fax: (424) 238-3060

DANIEL S. ALDERMAN (SBN: 124133)
dalderman@ahcalaw.com
ALLISON R. HILGERS (SBN: 228862)
ahilgers@ahcalaw.com
AMIE T. JACOBY (SBN: 168484)
ajacoby@ahcalaw.com
**ALDERMAN & HILGERS, LLP**
1150 S. Olive Street, Suite 1800
Los Angeles, CA 90015
Telephone: (213) 992-8206
Facsimile: (213) 992-3272

Attorneys for Defendant and Counter-Claimant,
SIERRA SAGE HERBS LLC, a Colorado Limited Liability Company

FILED
CLERK, U.S. DISTRICT COURT
10/20/22
CENTRAL DISTRICT OF CALIFORNIA
BY: WH  DEPUTY

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARCOA, INC., an Ohio Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIERRA SAGE HERBS LLC, a Colorado Limited Liability Company,<br><br>    Defendant.<br><br>_____ | **CASE NO.: 2:21-cv-04672-PSG-SP**<br><br>Hon. Philip S. Gutierrez, Courtroom 9A<br><br>[~~PROPOSED~~] **JUDGMENT FOLLOWING ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hrg. Date: October 7, 2022<br>Time:       1:30 p.m.<br>Dept.:       9A<br><br>Pretrial conference: 10/31/22<br>Trial Date: 11/22/22 |

The Honorable Philip S. Gutierrez, having found that the matter was appropriate for decision without oral argument pursuant to Federal Rule of Civil

1

Procedure 78, and, for the reasons set forth in the Minute Order filed on October 4, 2022 (Dkt. #50, attached hereto and incorporated herein as Exhibit "1"), granted Defendant/Counter-Claimant Sierra Sage Herb's Motion for Summary Judgment.

IT IS ORDERED AND ADJUDGED

That Defendant's Request for Judicial Notice as to judicial notice of dictionary definitions of the words "salve" and "soothe", designated as Exhibits A-D is GRANTED;

That Plaintiff's Request for Judicial Notice is GRANTED IN PART, as to Exhibits N and O and DENIED IN PART as to Exhibits M, P, and Q;

That Defendant's objection to Plaintiff's Exhibit I is GRANTED;

That Defendant/Counter-Claimant Sierra Sage Herbs LLC's Motion for Summary Judgment as to Plaintiff's First Cause of Action: Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1) is GRANTED;

That Defendant/Counter Claimant Sierra Sage Herbs LLC's Motion for Summary Judgment as to Plaintiff's Second Cause of Action: Federal Unfair Competition, 28 U.S.C. § 1338(a), and False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 is GRANTED;

That Plaintiff Garcoa, Inc. take nothing on its Complaint herein, that the action be dismissed on the merits;

That judgment be entered in favor of Defendant/Counter-Claimant Sierra Sage Herbs LLC on its Counter Claim seeking declaratory judgment of non-infringement pursuant to 28 U.S.C. § 2201; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

[PROPOSED] JUDGMENT FOLLOWING ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT OF PLAINTIFF GARCOA

1  Defendant shall recover its costs herein.

2

3  IT IS SO ORDERED.

4

5  Dated: 10/19/22          _____
6                            Hon. Philip S. Gutierrez
7                            U.S. District Court Judge

3

**[PROPOSED] JUDGMENT FOLLOWING ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT OF PLAINTIFF GARCOA**

EXHIBIT "1"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#30(10/07)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Defendant/CounterClaimant's motion for summary judgment.

    Before the Court is Defendant/CounterClaimant Sierra Sage Herbs LLC's ("Defendant") motion for summary judgment or, in the alternative, partial summary judgment. *See generally* Dkt. # 30 ("*Mot.*"). Plaintiff Garcoa, Inc. ("Plaintiff") opposed, *see generally* Dkt. # 43 ("*Opp.*"), and Defendant replied, *see generally* Dkt. # 46 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** Defendant's motion for summary judgment.

I.     Background

    The present matter arises from a trademark dispute between Plaintiff and Defendant regarding their respective topical pain relief products. *See generally* Mot.

    A.     Absence of a Statement of Genuine Disputes

    Under the Local Rules, a party moving for summary judgment must submit a Statement of Undisputed Fact, while a party opposing summary judgment must file a Statement of Genuine Issue of Material Fact. *See* L.R. 56-1; L.R. 56-2. The Statement of Genuine Issue of Material Fact must set forth all the material facts that the opposing party contends are in genuine dispute. *See* L.R. 56-2. Failure to file a Statement of Genuine Issues allows the Court to find that "the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy." L.R. 56-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

    Plaintiff, in opposing summary judgment, filed a Statement of Uncontroverted Fact, much of which covers the same facts stated in Defendant's Statement of Uncontroverted Fact. *Compare Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law*, Dkt. # 44 *with Defendant's Statement of Uncontroverted Facts and Conclusions of Law*, Dkt. # 31 ("*SUF*"). However, Plaintiff failed to file a concise Statement of Genuine Disputes, such that the Court cannot readily determine what facts are and are not genuinely disputed. *See* L.R. 56-2. "Given [Plaintiff's] failure, the Court is entitled to deem all of [Defendant's] undisputed facts uncontroverted if they are supported by admissible evidence." *Werner v. Evolve Media, LLC*, 2:18-cv-7188-VAP-SKx, 2020 WL 3213808, at *1 (C.D. Cal. Apr. 28, 2020).

    B.    <u>Uncontroverted Facts</u>

    The Court recounts only the facts that are relevant to deciding this motion. The following material facts are sufficiently supported by admissible evidence and uncontroverted.

    Since 2002, Plaintiff has been in the business of marketing and selling topical analgesic pain relief products under the trademark BLUE GOO. *See SUF* ¶¶ 7–8. Plaintiff's registration for BLUE GOO in connection with topical analgesics in International Class 5 was filed originally on March 16, 2010, with the United States Patent and Trademark Office ("USPTO"), cancelled in 2016, and registered again in 2018. *Id.* ¶¶ 5, 8, 33.

    In 2008, Defendant began using the trademark GREEN GOO in connection with the manufacturing, advertising, and sales of its all-natural, plant-based salves for relief of pain and other symptoms. *See id.* ¶¶ 58–59. In 2011, Defendant registered its GREEN GOO trademark for use on "non-medicated herbal body care products, namely salves" in International Class 3. *Id.* ¶ 63. After filing the necessary Affidavit of Incontestability with USPTO in 2018, Defendant acquired an incontestable registration in its GREEN GOO mark. *Id.* ¶ 64.

    Both BLUE GOO and GREEN GOO products have been sold simultaneously nationwide at various commercial retailers and through online vendors, like Amazon and Wal-Mart.com, for roughly fourteen years. *See id.* ¶¶ 12, 67–68. Central to this action is Defendant's Pain Relief Salve (the "Pain Relief Salve" or the "Salve") that, among other brands' products, competes with Plaintiff's topical analgesic pain relief products. *See id.* ¶¶ 34, 59–60. Unlike Plaintiff's products, however, which contain the animal byproduct of emu oil, the Pain Relief Salve is all-natural, containing Arnica Montana, which is said to be a pain-relieving ingredient in the homeopathic field. *See id.* ¶ 60–61. Further, the Pain Relief Salve is labeled as homeopathic and not approved or undergoing evaluation by the FDA. *See id.* ¶ 61.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

C.     Procedural History

Plaintiff filed suit against Defendant in June 2021, alleging the following two causes of action:

First Cause of Action: Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1). *Complaint*, Dkt. # 1 ("*Compl.*"), ¶¶ 5–14.

Second Cause of Action: Federal Unfair Competition, 28 U.S.C. § 1338(a), and False Designation of Origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. *Compl.* ¶¶ 15–19.

Defendant countersued, seeking declaratory judgment of non-infringement pursuant to 28 U.S.C. § 2201. *See generally* Dkt. # 13. The parties then engaged in fact discovery, which ended on July 25, 2022. *See Scheduling and Case Management Order*, Dkt. # 20, at 24. Defendant now moves for summary judgment on Plaintiff's two causes of action and its counterclaim. *See generally Mot.*

II.     Requests for Judicial Notice

As an initial matter, the parties each request judicial notice of several documents. *See* Dkt. # 29 ("*Def.'s RJN*"); Dkt. # 45 ("*Pl.'s RJN*"). Under Federal Rule of Evidence 201, a court may, on its own or at a party's request, take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

A.     Defendant's Request for Judicial Notice

Defendant requests judicial notice of dictionary definitions of the words "salve" and "soothe," designated as Exhibits A-D. *See Def.'s RJN* 3:2–4:2; *Defendant's Appendix of Evidence*, Dkt. # 33 (*Def.'s App.*), Exs. A–D. Because Plaintiff does not object to the Court taking judicial notice of these definitions, and "[d]ictionary definitions are also a proper subject for judicial notice," *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020), the Court **GRANTS** Defendant's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

  B. <u>Plaintiff's Request for Judicial Notice</u>

  Plaintiff requests judicial notice of the following: (1) dictionary definitions of the words "salve" and "pain reliever"; (2) a FDA press release concerning homeopathic products; (3) an online publication from the National Library of Medicine concerning the ingredients and labeling information of one of Defendant's other products; and (4) a decision from the USPTO regarding a third-party trademark. *See Pl.'s RJN* 2:12–26; *Plaintiff's Appendix of Evidence*, <u>Dkt. # 43-2</u> ("*Pl.'s App.*"), Exs. M–Q. Defendant objects to all of the requests for judicial notice except the dictionary definitions contained in Exhibits N and O. *See generally* <u>Dkt. # 48</u> ("*Obj. to Pl.'s RJN*").

  For the reasons set forth above, the Court takes judicial notice of Plaintiff's proffered definitions for "salve" and "pain reliever." *See Pl.'s App.*, Exs. N–O. However, the Court declines to take judicial notice of the remaining documents contained in Exhibits M, P, and Q. First, the Court agrees with Defendant that the document contained in Exhibit M regarding the ingredients and labeling of Defendant's GOLF GOO product appears incomplete and is thus subject to reasonable dispute. *See Obj. to Pl.'s RJN* 2:16–28 (referencing *Pl.'s App.*, Ex. M). Next, the Court finds that while it can take judicial notice of the FDA press release contained in Exhibit P, *see Pl.'s App.*, Ex. P, its contents are not relevant for deciding this motion. Finally, the adjudicative facts contained in the USPTO's decision regarding a third-party trademark THE GOO, designated as Exhibit Q, *see Pl.'s App.*, Ex. Q, is not properly subject to judicial notice. *See M/V Amn. Queen v. San Diego Marine Constr. Corp.*, <u>708 F.2d 1483, 1491</u> (9th Cir. 1983) ("As a general rule, the court may not take judicial notice of proceedings or records of another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

  Thus, the Court **GRANTS IN PART** Plaintiff's request for judicial notice as to Exhibits N and O and **DENIES IN PART** Plaintiff's request for judicial notice as to Exhibits M, P, and Q.

III. <u>Evidentiary Objections</u>

  Defendant also objects to Plaintiff's Exhibit I, a communication from Defendant to Plaintiff in furtherance of settlement negotiations, on the grounds that it is prohibited by Rule 408 of the Federal Rules of Evidence. The Court agrees and **GRANTS** Defendant's evidentiary objection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

IV.     Motion for Summary Judgment

In moving for summary judgment, Defendant does not challenge that Plaintiff has a protectable ownership interest in its BLUE GOO mark. *See generally Mot.* Instead, Defendant moves for judgment as a matter of law on the following two grounds: (1) Defendant's incontestable registration in its GREEN GOO trademark bars this action; and (2) there is no genuine issue of material fact as to the likelihood of customer confusion. *See generally id.* Because the Court ultimately finds that Defendant has an incontestable right to use its trademark GREEN GOO in connection with its Pain Relief Salve, the Court can resolve the motion in its entirety and need not address the issue of likelihood of confusion.

A.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

    B.    <u>Incontestability</u>

It is undisputed that Defendant, prior to the commencement of this action, acquired an incontestable registration in its GREEN GOO trademark when used on its "non-medicated herbal body care products, namely salves." *SUF* ¶ 63–64. Defendant also sets forth evidence from its CEO that the GREEN GOO trademark has been used on pain relief products since its adoption. *See id.* ¶¶ 58–59. Defendant therefore argues that Plaintiff's action is barred.

"The 'defensive' aspect of incontestability is reflected in the language of both § 15 and § 33(b) [of the Lanham Act]." 6 J. McCarthy, McCarthy on Trademarks and Unfair Competition § 32:141. Under Section 15, a registrant acquires an incontestable right to use its registered trademark in connection with the goods or services provided in the registration after five consecutive years of continuous use and the filing of a timely affidavit with the Director of the USPTO. 15 U.S.C. § 1065. Section 33(b) provides that an incontestable registration ensures safe harbor for the mark when it is used on those goods or services listed in the registration unless a statutory defense to incontestability applies. 15 U.S.C. § 1115 (listing statutory defenses, such as the registration was obtained by fraud, the mark has become generic, or the mark has been abandoned). In other words, absent some statutory exception, a defendant cannot be held liable in a trademark action for use of its mark in a manner consistent with its registration if it has a valid incontestable right to do so. *See* McCarthy on Trademarks and Unfair Competition § 32:141.

Plaintiff asserts only one defense to incontestability. Specifically, Plaintiff claims that, while Defendant may have an incontestable right to use its GREEN GOO mark on the goods identified in its registration, "use of [GREEN GOO] to identify a pain relief product" exceeds the scope of Defendant's registration and is thus contestable. *Opp.* 14:4–10. Plaintiff bases its defense to incontestability on the following two premises: (1) a pain relief product is per se a good designated for International Class 5 and, accordingly, outside the scope of an International Class 3 registration; and (2) Defendant's Pain Relief Salve does not constitute a non-medicated herbal salve. *Id.* However, Plaintiff relies primarily on conclusory arguments contained in its opposing papers to defeat Defendant's incontestability status and raise a triable issue of fact. *See id.* 13:10–15:5. This alone is not enough to survive summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Plaintiff's first premise, for example, lacks any legal or evidentiary support. As acknowledged by statute and case law, the USPTO's classification categories are merely for administrative purposes and are neither controlling on federal courts nor determinative of the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

descriptive properties of a given trademark's registration. *See* 15 U.S.C. § 1112; *accord PepsiCo, Inc. v. Grapette Co.*, 416 F.2d 285 (8th Cir. 1969) (citing *Rock Spring Distilling Co. v. W.A. Gaines & Co.*, 246 U.S. 312, 320 (1918)). The Court considers only what goods and services are defined in the registration—regardless of the assigned classification category. But even if these classifications were controlling, Plaintiff's position that the Pain Relief Salve constitutes only a Class 5 good is negated by fact. Specifically, the Court takes notice of other trademarks, such as those listed in Defendant's reply papers, that are registered in only Class 3 for use on non-medicated herbal body care products for relief of pain and the like. *See Reply* 7:7–22 (citing to, for example, OSTEO-EASE's registration); *see also Declaration of Daniel S. Alderman*, Dkt. # 46-1 ("*Alderman Reply Decl.*"), Ex. N ("Record from USPTO Trademark Electronic Search System").[1]

As such, incontestability hinges on whether Defendant's Pain Relief Salve is a non-medicated herbal salve. To support that the Salve is not—or that there is at least a triable issue that it is not—Plaintiff needed to raise sufficient facts that either a salve cannot provide pain relief or that the Pain Relief Salve contains ingredients that are medicated or non-herbal. The Court addresses each in turn.

With respect to whether salves can encompass pain relief, the parties offer dictionary definitions of the word to aid the Court's analysis. Defendant offers the following definitions for "salve": (1) "[a]n analgesic or medicinal ointment" or "[s]omething that soothes or heals," *see Def.'s App.*, Ex. A; (2) "any medicinal ointment applied to wounds, skin irritations, burns, etc. for purposes of soothing or healing," *see id.*, Ex. B; (3) "a soothing ointment," *see id.*, Ex. C; and (4) "[a] thick adhesive ointment for local ailments" or "[a]nything that heals, soothes, or mollifies," *see id.*, Ex. D. Plaintiff instead offers that a "salve" is "an unctuous adhesive substance for application to wounds or sores" or "a remedial or soothing influence or agency." *See Pl.'s App.*, Ex. N. While Plaintiff suggests these definitions are contradictory, the Court strains to see how. *See Pl.'s RJN* 3:16–19. Importantly, the proffered definitions all contain the

---

[1] Whether requested or not, the Court may take notice of the USPTO's Trademark Electronic Search System's record of registered marks under Rule 201 of the Federal Rules of Evidence "because the record is generated by an official government website such that its accuracy is not reasonably in dispute." *Payne v. Manilow*, CV 18-3413 PSG (PLAx), 2018 6321638, at *5 (C.D. Cal. Oct. 29, 2018) (citation omitted); *see also Cat Coven LLC v. Shein Fashion Grp., Inc.*, CV 19-7967 PSG (GJSx), 2020 WL 3840440, at *2 n.1 (C.D. Cal. Mar. 12, 2020) (taking judicial notice of USPTO's Trademark Electronic Search System's records for registered marks).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

word "soothe." And when turning to the definitions Defendant offers for the word "soothe," all refer to the relief or ease of pain.[2] *See Def.'s App.*, Exs. A–D. It logically follows then that a salve can provide, among other benefits, pain relief.

Further, as mentioned above, Defendant points to other companies that have registered trademarks for use on non-medicated herbal salves specifically for the relief of pain.[3] True, Defendant's registration in GREEN GOO does not limit the use of the mark to pain relief salves only. However, Defendant has used its GREEN GOO mark on salves that relieve various ailments, including pain, since its adoption in 2008. *SUF* ¶¶ 58–60. Further, Plaintiff does not offer, and the Court cannot find, any support that a broader registration of goods necessarily precludes use of the mark on the same kind of goods but with more descriptive properties. To the contrary, the Court takes notice that the USPTO's guidelines for the identification of goods and services provides the following: "For example, you might use your trademark as a brand for black short-sleeved t-shirts. You do not need to identify your goods as 'black short sleeved t-shirts.' Instead, you could list them as 't-shirts,' 'shirts,' or even 'tops as clothing.'"[4] *Accord Liberto v. Stauffer Biscuit Co., Inc.*, 441 F.3d 318, 329 n. 35 (5th Cir. 2006) (rejecting plaintiff's argument that defendant's incontestable registration, which depicted a black and white trademark, was rendered contestable when the mark was used in commerce with the colors red and yellow). Therefore, Defendant's registration in salves does not inherently preclude the possibility of a pain relief salve.

---

[2] Specifically, the Court took judicial notice of the following definitions for "soothe": (1) "to make calm or composes, as by gentle treatment, flattery, etc.; appease; mollify" or "to allay or relieve (pain, an ache, etc.)," *see Def.'s App.*, Exs. A, B; (2) "to calm, to ease (pain etc.)," *see id.*, Ex. C; and (3) "[t]o restore to a quiet or normal state; calm" or "[t]o mitigate, soften, or relieve, as pain or grief," *see id.*, Ex. D. Plaintiff does not offer a definition for "soothe." Instead, Plaintiff offers a definition for "pain reliever" as "something, especially a drug, lotion, etc., that reduces or gets rid of pain." *Pl.'s App.*, Ex. N. But the Court is still puzzled, and Plaintiff provides no guidance, as to how this proves Plaintiff's point.

[3] As stated above, the Court takes judicial notice of records obtained from the USPTO's Trademark Electronic Search System's record of registered marks, such as those contained in Defendant's reply papers like OSTEO-EASE, *see Reply* 7:7–22 (citing *Alderman Reply Decl.*, Ex. N).

[4] *See* https://www.uspto.gov/trademarks/basics/goods-and-services.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4672 PSG (SPx) | Date | October 4, 2022 |
|---|---|---|---|
| Title | Garcoa, Inc. v. Sierra Sage Herbs LLC | | |

Turning to the next issue, the Court similarly finds that Plaintiff has failed to raise a genuine issue of fact that the ingredients contained in the Pain Relief Salve exceed the scope of registration in non-medicated herbal salves. Aside from offering the conclusory assertion that there is a triable issue of fact, *see Opp.* 14:15–17, Plaintiff submits the Salve's product label and ingredient list. *See Pl.'s App.*, Ex. J. But Plaintiff does not provide evidentiary support or even identify a particular ingredient as being medicated or non-herbal. Moreover, the product packaging clearly describes the product as homeopathic and not FDA approved, *see id.*, which Plaintiff frequently cites as requirements for medicated pain-relieving products, *see e.g. Declaration of Gregory A. Rubin*, Dkt. # 43-1, ¶ 5.

Thus, the Court finds that Defendant has an incontestable right to use its GREEN GOO trademark on its non-medicated herbal body care products, namely salves, including its Pain Relief Salve. As such, because Defendant's "exclusive right" to use the GREEN GOO mark on its Pain Relief Salve cannot be disturbed, Plaintiff's action is barred, and Defendant is entitled to judgment as a matter of law. *See* 15 U.S.C. § 1115.

V.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment in its entirety. Defendant/CounterClaimant is **ORDERED** to submit a proposed judgment consistent with this order within **ten days** of the date of entry of this order.

**IT IS SO ORDERED.**

9

# PROOF OF SERVICE

***Garcoa, Inc. v. Sierra Sage Herbs LLC, a Colorado Limited Liability Company***

**USDC: 2:21-cv-04672-PSG-SP**

I, the undersigned, declare I am over the age of 18 and not a party to this action. My business address is at 1150 S. Olive Street, Suite 1800, Los Angeles, California.

On October 14, 2022, I served a true and correct copy of: **[PROPOSED] JUDGMENT FOLLOWING ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** via electronic copy, addressed as follows to:

Michael A. Painter, Esq.
Isaacman, Kaufman, Painter, Lowy & Zucker, P.C.
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
painter@ikplaw.com
*Attorneys for Plaintiff, Garcoa, Inc.*

☒ BY EMAIL TRANSMISSION: I caused the abovementioned document(s) to be transmitted by email to the address(es) listed above at their respective email address(es) as listed and described below. I am readily familiar with this office's practice for transmission by email. Under that practice transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the foregoing documents by email, I followed this office's ordinary business practices. The sending email address is ajacoby@ahcalaw.com

☒ FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 14, 2022, at Los Angeles, California.

_____
Amie T. Jacoby